UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-99-KKC

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                        PLEA AGREEMENT

MARK A. SUITER                                                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 1349, Conspiracy to Commit Honest Services Wire Fraud.

2. The essential elements of Count 18 U.S.C. § 1349 (Honest Services Wire Fraud Conspiracy) are:

    (a) First, that two or more persons conspired, or agreed, to commit the crime of honest services wire fraud, that is:

        i. Knowingly devising or participating in a scheme to fraudulently deprive an employer of the right to honest services of its employees through bribery or kickbacks, with the intent to defraud the employer of the right to honest services;

        ii. The scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact; and

        iii. In advancing, furthering, or carrying out the scheme to defraud, a member of the conspiracy transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

    (b) Second, that the Defendant knowingly and voluntarily joined the conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The Defendant worked as a General Manager at "Pet Food Company" from 2016 until 2018, Subsidiary 1 of Victim Corporation 1 ("Victim Corporation 1") from 2018 until 2020.

    (b) As to each of these companies, the Defendant entered an agreement with Co-Conspirator A and his company, "Supply Company," to steer victim company business to Supply Company, in exchange for a kickback disguised as a payment for the Defendant's spouse.

    (c) Specifically, the Defendant entered into an agreement with Co-Conspirator A to conduct the following:

        i. Source wooden pallets for Pet Food Company, through a company the Defendant owned with his relatives ("Suiter's Company"), in exchange for a kickback, paid to the Defendant's wife. This resulted in an increase in the cost of pallets to Pet Food Company, but the Defendant did not notify Pet Food Company of this arrangement.

        ii. Source wooden pallets for Victim Corporation 1, in exchange for a kickback of at least 54% of the profits, paid to the Defendant's wife. This resulted in an increase in the cost of pallets to Victim Corporation 1, but the Defendant did not notify Victim Corporation 1 of this arrangement.

        iii. Broker freight services for Victim Corporation 1, in exchange for a kickback of at least 50% of the profits, paid to the Defendant's wife. This resulted in an increase in the cost of freight to Victim Corporation 1, but the Defendant did not notify Victim Corporation 1 of this arrangement.

    (d) In order to facilitate the kickback scheme, the Defendant emailed Co-Conspirator A private information related to Victim Corporation 1's business.

4. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the deprivation of honest services as to "Pet Food Company" and Victim Corporation 1, as those companies are referenced in the Information.
>
> (c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.
>
> (d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 12 levels for loss amount exceeding $250,000.
>
> (e) Pursuant to U.S.S.G. § 4C1.1(a), decrease the offense level by 2 levels for the Defendant qualifying as a Zero Points Offender.
>
> (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The parties do not agree as to the following sentencing enhancement, and the parties may argue for or against each:

> a. The United States posits that pursuant to U.S.S.G. § 2B1.1(b)(10)(C), the offense level should be increased by 2 levels for the offense involving

sophisticated means that the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

    b. Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels for the Defendant abusing a position of trust, in a manner that significantly facilitated the commission or concealment of the offense.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant also consents to the imposition of a forfeiture money judgment in the amount of $204,287.00, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which he is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the

conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. Pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663(a)(3), the Defendant agrees to pay restitution in a total amount of not less than $383,184.44, allocated to the following victims:

    i. "Pet Food Company" - $2,000

    ii. "Victim Corporation 1" - $381,184.44

The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event

giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the

United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. The United States agrees not to prosecute any of the defendant's family members, including the defendant's wife, for the conduct described in either this Plea Agreement or the Information or related conduct.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 8/6/2025

By: *Kathryn M. Dieruf* (Digitally signed by KATHRYN DIERUF, Date: 2025.08.06 11:40:12 -04'00')
Kathryn M. Dieruf
Assistant United States Attorney

Date: 8/6/25

Mark A. Suiter
Defendant

Date: 8/6/2025

_____
Guthrie True
Attorney for Defendant